■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEE NIMMONS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Vinik, J.), rendered November 15, 1983, convicting him of attempted murder in the second degree, robbery in the first degree (five counts) and rape in the first degree, upon a jury verdict, and sentencing him to (1) concurrent indeterminate terms of imprisonment of 8⅓ to 25 years for attempted murder in the second degree, 6 to 18 years for robbery in the second degree and 9 to 18 years for robbery in the second degree with regard to the victim Ralph Pardo, (2) concurrent indeterminate terms of imprisonment of 8⅓ to 25 years for rape in the first degree and 9 to 18 years for robbery in the first degree with regard to the victim Jacqueline Pardo, to run consecutively to the terms imposed with regard to the victim Ralph Pardo, (3) an indeterminate term of imprisonment of 9 to 18 years' imprisonment for robbery in the first degree with regard to the victim Brenda Becht, to run consecutively to the sentences imposed with respect to the victims Pardo, and (4) an indeterminate term of imprisonment of 9 to 18 years for robbery in the first degree with regard to the victim Arthur Ingram, to run consecutively to the terms imposed with regard to the victims Pardo and Becht.

Ordered that the judgment is modified so as to make the sentences imposed relating to the victims Pardo concurrent, and the sentences imposed with regard to the victims Becht and Ingram concurrent but consecutive to the sentences imposed with regard to the victims Pardo; as so modified, the judgment is affirmed.

Within the space of approximately 40 to 45 minutes, the defendant and another man attacked and robbed two couples in separate cars parked late at night in an area known as a "lover's lane". The defendant's motion to sever for trial the two incidents joined in the same indictment on the vague ground of cumulative prejudice was denied and we find no abuse of discretion in the court's ruling. The defendant failed to show any good cause for severance, such as a desire to testify about one incident but not the other (see, CPL 200.20 [3]; People v Shapiro, 50 NY2d 747) nor does he articulate on appeal in what manner he was prejudiced by the joint trial.

The defendant also objects to the court's charge sheet submitted to the jury for the stated purpose of aiding them in

deliberating on the 16-count indictment. The charge sheet contained a list of the crimes charged and, in brief, the elements of each offense. The defendant took exception to the court's failure to also provide the jury in writing with the elements of reasonable doubt (CPL 310.20 [2]). While the charge sheet was indeed unbalanced, and did not conform to the statute (CPL 310.20 [2]), in view of the overwhelming evidence of the defendant's guilt, the error was harmless *(see, People v Crimmins,* 36 NY2d 230, 241-242; *cf., People v Compton,* 119 AD2d 473).

However, the defendant's sentence was excessive to the extent indicated.

We have examined the defendant's remaining contentions and find them to be without merit. Bracken, J. P., Weinstein, Rubin and Harwood, JJ., concur.