■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL VALLE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Broomer, J.), rendered July 1, 1986, convicting him of assault in the first degree, assault in the second degree (two counts) and assault in the third degree, upon a jury verdict, and imposing sentence.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANKIE VALLE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Broomer, J.), rendered July 1, 1986, convicting him of assault in the first degree, assault in the second degree (two counts) and assault in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. Questions of fact have not been raised or considered.

The Court of Appeals has recently ruled that submission to the jury of a verdict sheet which defines the elements of each count contained therein is not authorized by CPL 310.20 (2) and, absent the consent of the parties, constitutes per se

reversible error *(People v Nimmons,* 72 NY2d 830, *revg* 129 AD2d 743). Therefore, we agree with the defendant's contention that by submitting to the jury, over defense counsel's objection, a verdict sheet containing not only the crimes charged and the possible verdicts thereon *(see,* CPL 310.20 [2]) but also the elements of those charges, the court committed reversible error. Furthermore, despite the overwhelming evidence of the defendant's guilt adduced at the trial, the error cannot be deemed harmless *(see, People v Nimmons, supra; People v Brooks,* 70 NY2d 896; *People v Owens,* 69 NY2d 585).

However, we reject the defendant's remaining contention that the court erred in refusing to preclude the testimony of those prosecution witnesses whose pretrial statements were included in a file of irretrievably lost police reports *(see, People v Rosario,* 9 NY2d 286, *cert denied* 368 US 866). Following a hearing on the matter, the court properly found the loss to be neither intentional nor negligent. Nonetheless, to eliminate any possible prejudice to the defendant, the court directed the prosecutor to turn over his entire file to defense counsel, including the 15 pages of the scratch notes of investigating detectives which formed the basis of the lost reports, and it ruled that defense counsel would be permitted to cross-examine the detective concerning the loss. We conclude that the People sustained their burden of establishing that diligent, good-faith efforts were made to prevent the loss of the evidence as well as to later recover it and, even absent the lost reports, presented overwhelming evidence of the defendant's guilt. Accordingly, the imposition of any sanction more severe than that imposed by the court is unwarranted *(see, People v Kelly,* 62 NY2d 516; *People v Haupt,* 128 AD2d 172, *affd* 71 NY2d 929). Thompson, J. P., Bracken, Eiber and Spatt, JJ., concur.