■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE RODRIGUEZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Calabretta, J.), rendered January 5, 1988, convicting him of rape in the third degree, attempted sodomy in the third degree, and endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered before a different Judge. No questions of fact have been raised or considered.

In concluding its jury instructions, the court presented the jury with a verdict sheet which contained selected elements of the crimes charged and factual parentheticals.

A verdict sheet shall contain "the offenses submitted to the jury by the court in its charge and the possible verdicts thereon" (CPL 310.20 [2]). The Court of Appeals has ruled that submission of a verdict sheet to the jury which specifies the elements of the counts charged is not authorized by CPL 310.20 (2) and constitutes reversible error absent consent of the parties *(People v Nimmons,* 72 NY2d 830; *People v [Frankie] Valle,* 143 AD2d 160). The verdict sheet in issue not only improperly contained selected elements of the counts charged but included factual parentheticals, constituting further error *(see, People v Koschtschuk,* 119 AD2d 994). Since

such error may not be deemed harmless *(People v Owens,* 69 NY2d 585), we must reverse.

In light of our conclusion that there must be a reversal on the basis of the verdict sheet error, we need address only one of the defendant's remaining contentions. Inasmuch as we find that the Trial Judge was overzealous in repeatedly interjecting himself during the questioning of witnesses *(see, People v De Jesus,* 42 NY2d 519), we conclude that a retrial before a different Judge is appropriate. Sullivan, J. P., Harwood, Balletta and Miller, JJ., concur.