◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JONATHAN YARDE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Moskowitz, J.), rendered August 2, 1989, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. No questions of fact have been raised or considered.

We find, and the People concede, that the trial court committed reversible error by submitting to the jury, over defense counsel's objection, a verdict sheet which contained certain elements of the crimes charged *(see, People v Nimmons,* 72 NY2d 830; *People v Sotomayer,* 173 AD2d 500; *People v Rodriguez,* 159 AD2d 736; *People v Bollander,* 156 AD2d 456).

For purposes of retrial, we note that the defense witness, Conrad Cooke, should have been permitted to testify as to his impression of the defendant's emotional state. The defendant interposed the defenses of duress and extreme emotional

disturbance, contending that Mario Scott had threatened to shoot him or a member of his family if he did not kill Sergio Brown. Mario Scott had previously shot the defendant.

Although Cooke testified that the defendant did not say that he was afraid of Scott, the defendant argued that Cooke should have been allowed to state whether the defendant appeared to be scared. Furthermore, Cooke should have been allowed to respond to counsel's question regarding Scott's threats against the defendant in the event the latter failed to do what Scott requested. Cooke's testimony would have circumstantially indicated the defendant's state of mind.

In light of our determination, we do not reach the defendant's remaining contentions. Thompson, J. P., Kunzeman, Sullivan and Harwood, JJ., concur.