OPINION OF THE COURT
Kaye, J.
Where defense counsel objects, it is improper for a trial *588 court, after reciting its instructions orally, to distribute only certain portions of that charge in writing to the jury for use in its deliberations. In. each case before us, where excerpts from the charge were handed out to the jury over defendant’s objection, the conviction must be reversed and a new trial ordered.

People v Owens

Following an incident in which an undercover officer allegedly purchased cocaine from him, defendant James Owens was tried for the criminal possession and sale of a controlled substance. According to the officer, when he approached defendant to buy cocaine, defendant answered that "they were doing it at the El Calypso” and that he would get some there. The officer told defendant that he wanted to buy $20 worth of cocaine but preferred not to give defendant the money up front. After agreeing to advance the money himself, defendant crossed to the El Calypso and returned with two glassine envelopes containing cocaine. The officer gave him $20 in "buy money” and an unsolicited $2 tip.
At trial, defendant raised the defense of agency, contending that he was not guilty of selling a controlled substance, or possessing it with intent to sell, because he acted solely upon the request, and as the agent, of the officer. The only precharge colloquy concerned the form of the agency instruction the court would give. In its instructions read aloud to the jury, the court gave an extensive charge with respect to the agency defense, to which defendant raised no objection.
Controversy erupted, however, when the court announced that it intended to furnish the jurors with a copy of its instructions solely on the elements of the three crimes charged. Defense counsel stated his belief that submitting written instructions to the jury was a "good principle”, but he objected to the submission here because of the court’s refusal to add "perhaps the most important instruction, the agency charge.” The court nonetheless distributed to the jury a five-page document, containing its oral instructions on the elements of each count of the indictment. The court informed the jurors that they were being given "copies of the law of the case, the statutory law of the case,” containing "each and every element of the crimes charged against this defendant to aid you in your deliberations.” The jury found defendant guilty on all three counts, and the Appellate Division affirmed, without opinion.

*589
People v Boon

After they saw defendant Bradford Boon and his codefendant (Leonard Harris) standing in front of the complainant, going through his pockets, two plainclothes police officers arrested both Boon and Harris. Each was charged with two counts of attempted robbery in the second degree (Penal Law §§ 110.00, 160.10 [1], [2] [b]). At trial, defendant’s counsel argued that the encounter was not an attempted robbery, and that at all events defendant did not share any intent his codefendant may have had to commit robbery.
At the conclusion of the trial the court read its charge aloud, and then announced that it would distribute to each juror a document consisting of portions of the oral instructions pertaining to the definitions and elements of accessorial liability (Penal Law § 20.00), attempt (Penal Law § 110.00) and robbery in the second degree (Penal Law § 160.10 [1]). The court informed the jury that this document was "the law of the case which contains the elements of the crime”, to aid in its deliberations. Defense counsel objected "on the ground that it highlights certain aspects of the charge particularly acting in concert, leaving out others and, therefore, I believe that it would be prejudicial to the defendant in that they should not be given written instructions on it, just portions of the charge.” The jury found defendant guilty of one count of attempted robbery in the second degree (the other count was dismissed), and the Appellate Division affirmed, without opinion.
We now reverse in both cases.
Discussion
"The court’s charge is of supreme importance to the accused. It should be the safeguard of fairness and impartiality and the guarantee of judicial indifference to individuals” (People v Odell, 230 NY 481, 487). Because of the singular importance of jury instructions in criminal trials, a charge error may well result in the deprivation of a fair trial and consequent reversal of the conviction. Thus, while the objectives of enhancing jury understanding and facilitating deliberations are surely laudable, jury instructions generally are not fertile ground for innovation during trial, particularly when defendant objects (contrast, People v Monat, 200 NY 308, 312-313).
The Criminal Procedure Law is silent as to the submission *590 of the court’s instructions in writing. Not without pertinence, however, are the statutory protections relating to other materials that may be furnished to jurors at the critical time of their deliberations.
Exhibits in evidence may in the court’s discretion be taken into the jury room, but only after the parties are accorded an opportunity to be heard on the matter (CPL 310.20 [1]; see, Bellacosa, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11 A, CPL 310.20, at 652, referring to a "triple whammy of protection”). Similarly, jurors may be furnished verdict sheets setting out the submitted offenses and possible verdicts (CPL 310.20 [2]), but care must be taken by the court in preparing such lists to avoid any unfairness or suggestiveness (see, People v Piazza, 48 NY2d 151, 165). A jury’s request for further instruction or information requires that the jury be returned to the courtroom, that notice be given to both sides, and that such requested information or instruction as the court deems proper be transmitted in the presence of the defendant (CPL 310.30; see, People v Mehmedi, 69 NY2d 759). Finally, as the result of a provision added to the Criminal Procedure Law in 1980 (L 1980, ch 208), when jurors seek further instruction as to a statute, the court in its discretion may also furnish them with copies of the actual text, but only "[w]ith the consent of the parties” (CPL 310.30); the consent of the parties was made an absolute precondition because "questions may arise concerning which sections of pertinent statutory material should be given to the jury”. (Mem of Office of Court Administration, 1980 McKinney’s Session Laws of NY, at 1967.) Thus, even where only the text of a statute is in issue, "the danger of sending in some portion of a statute or a full statute without others and creating a prejudicial contextual setting is extreme”. (Bellacosa, Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL 310.30, at 656.)
Just such danger and prejudice are threatened where, as here, portions of the oral instructions are submitted in writing. Not unlike the submission of the text of a statute to the jury (CPL 310.30), when portions of the charge are distributed, questions may arise concerning which portions should be given to the jury.* As defense counsel in both cases convinc *591 ingly urge, submission of only a portion of a charge — particularly in the absence of any request from the jury for further instruction — creates a risk that the jury will perceive the writing as embodying the more important instructions, inviting greater attention to the principles that are repeated in writing than those simply recited orally (see, People v Townsend, 67 NY2d 815, 817). Such a risk flows from at least three sources. First, the fact that the trial court has selected certain portions of its charge may itself convey the message that these are of particular importance. Second, the very repetition of parts of the charge may serve to emphasize them and subordinate the others. Finally, the written instructions may be reinforced by their physical presence in the jury room, as the oral instructions fade from memory. We can see no legitimate basis for distributing only parts of a charge over defendant’s objection — especially where the parts that are excluded are those that might be considered favorable to the defense — and therefore conclude that it is error to do so.
In both Owens and Boon, the document handed to the jury contained only isolated portions of the oral charge. In Owens, the court elected to submit only the elements of the crimes charged and relevant statutory definitions, but no reference to the agency defense. In Boon, the writing similarly set forth the elements of the crimes and relevant definitions, but not the portions of the charge pertaining to the presumption of innocence or reasonable doubt. Thus, in both cases, the submission created the potential for prejudice by inviting the jury to place undue emphasis on those matters contained in the written submission, subordinating those portions of the charge —favorable to the defense — contained in the oral charge, and error was committed.
Having deprived each of the defendants of a fair trial, such error cannot be considered harmless (People v Crimmins, 36 NY2d 230, 238; see, People v Vincenty, 68 NY2d 899; People v Townsend, 67 NY2d 815, 817, supra). We reject the People’s contention that errors in the submission of final written instructions are akin to unbalanced marshaling of evidence (People v Culhane, 45 NY2d 757) and therefore subject to harmless error analysis. Unlike the marshaling of evidence— which is statutorily authorized (CPL 300.10 [2]), and constitutes error only when an imbalance results in prejudice to defendant (see, People v Culhane, 45 NY2d 757, 758, supra)— the distribution of written instructions to the jury is not *592 expressly authorized by law, and error in such submissions cannot be deemed harmless.
In view of the disposition reached, requiring a new trial, we do not consider the additional trial error alleged by defendant Boon.
Accordingly, in each case, the order of the Appellate Division should be reversed and a new trial ordered.
Chief Judge Wachtler and Judges Simons, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
In each case: Order reversed, etc.

We need not, and do not, consider whether, over defendant’s objection, it is permissible to give the jury a copy of the full charge (see, Sand & Reiss, A Report of Seven Experiments Conducted by District Court Judges in the Second Circuit, 60 NYU L Rev 423, 453).