OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, and the indictment dismissed with leave to the People to resubmit the count of manslaughter in the first degree if they are so advised (see, People v Mayo, 48 NY2d 245).
We recently held in People v Owens (69 NY2d 585, 587-588) that "[w]hen defense counsel objects, it is improper for a trial court, after reciting its instructions orally, to distribute only certain portions of that charge in writing to the jury for use in its deliberations” (see, e.g., CPL 310.30 [jury may be sup *898 plied with copy of actual text of a statute only upon consent of the parties]). "[SJubmission of only a portion of a charge— particularly in the absence of any request from the jury for further instruction — creates a risk that the jury will perceive the writing as embodying the more important instructions, inviting greater attention to the principles that are repeated in writing than those simply recited orally” (People v Owens, 69 NY2d 585, 591, supra; see, People v Sanders, 70 NY2d 837; People v Townsend, 67 NY2d 815, 817).
Here, the trial court gave a complete oral charge to the jury regarding the defense of justification — the sole defense raised at trial — to which defendant did object. At the conclusion of its oral instructions but prior to commencement of deliberations, the trial court furnished the jury with a two-page document setting forth an abbreviated version of a portion of its oral charge, including certain principles of the justification defense. To this the defendant did object. Although the trial court did not omit entirely any reference to the defense of justification in the written submission, it failed to include the full explanation embodied in the oral charge, thereby "inviting the jury to place undue emphasis on those matters contained in the written submission, subordinating those portions of the charge — favorable to the defense — contained in the oral charge” (People v Owens, 69 NY2d 585, 591, supra). Indeed, the Trial Judge here appears to have exacerbated the precise danger identified in Owens by denigrating the oral charge as a "detailed explanation” that he was "required to give”, and implicitly urging the jury to work instead with the written version, a "much shorter”, "condensed”, "abbreviated explanation of justification” in "simpler language” that would be available in the jury room. We have stated that such error may not be considered harmless (People v Owens, 69 NY2d 585, 591-592, supra).
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order reversed and the indictment dismissed, with leave to the People to resubmit the charge of manslaughter in the first degree, if so advised, in a memorandum.