OPINION OF THE COURT
Simons, J.
Defendant has been convicted of two counts of murder, second degree, and other crimes committed in the course of killing 80-year-old Elizabeth Dougherty. The victim was found near death in her Bronx apartment, bound and gagged under *686 a pile of curtains and clothing, and removed to a hospital where she subsequently died as a result of asphyxiation due to smothering. The apartment had been ransacked and was in complete disorder; the refrigerator, drawers and cabinets had been opened and their contents strewn about the apartment. Defendant, who insisted that he had never been in the victim’s home, left his fingerprints throughout the apartment— one print was lifted from a canister found on the kitchen floor, a second from a metal cabinet in the living room, and a third from a mass card which had been secreted in a bureau drawer in the victim’s bedroom, but which, after the crime, was found on the bedroom floor. Months later, when informed that he had been arrested for the January 1984 murder of Mrs. Dougherty in an apartment on the Grand Concourse in The Bronx, defendant laughed and said that he had not been on the Grand Concourse in January and had never killed an "old white lady”. When he made this statement, defendant had not been told the age or race of the victim. Based on this evidence, defendant was convicted following a jury trial of two counts of felony murder and burglary, and the Appellate Division affirmed.
Defendant contends that he was denied a fair trial because the Trial Judge permitted the jury to take part of the indictment into the jury room. Confronted with the request of the jury for further assistance during deliberations, and mandated by the statute to provide it to them (see, CPL 310.30; People v Malloy, 55 NY2d 296, 301), the court submitted copies of two counts to them. The error in doing so, if indeed it was error, was harmless beyond a reasonable doubt and does not require reversal of the conviction.
After the jury had started deliberating, it sent a note to the court requesting that it be given a copy of counts two and three of the indictment, the counts charging felony murder. The court had the jury returned to the courtroom and after reading the two counts to them it asked the jurors if the reading sufficed or if they still wanted copies of the indictment. The jurors responded that they wished a copy of the indictment for reference during deliberations. The court prepared photocopies but before giving them to the jury, it again explained the difference between attempted robbery and burglary, the predicate felonies contained in the two counts. It also warned the jury that the copies were given at their request as an aid to deliberation and that the indictment was "not evidence and it is not to be considered as evidence.”
*687 In People v Owens (69 NY2d 585), we held that the court could not, sua sponte, give the jury a portion of its charge in writing to consider in the jury room during deliberations and that the error was not subject to harmless error analysis. In doing so, we relied on CPL 310.30 which expressly prohibits delivering a portion of a statute to the jury without counsel’s consent and found that delivering portions of the charge presented the same dangers. We identified these dangers as follows: "First, the fact that the trial court has selected certain portions of its charge may itself convey the message that these are of particular importance. Second, the very repetition of parts of the charge may serve to emphasize them and subordinate the others. Finally, the written instructions may be reinforced by their physical presence in the jury room, as the oral instructions fade from memory” (id., at 591).
The submission of the counts of the indictment in the matter before us did not entail any of the risks identified in Owens because of the nature of the information and because the court was responding to a request from the jury. Manifestly, the court was not emphasizing counts two or three or conveying a message to the jury that they were of particular importance and other matters less so. The jury had already decided that it needed the court’s further instructions and assistance on the counts charging felony murder. The portion of the indictment setting forth those counts clearly was part of an accusatory instrument, known by the jury to be so, and routinely stated the charges.* Moreover, before giving the *688 indictment to the jury, the court carefully explained the applicable law, in language which it had discussed with counsel and which counsel accepted without protest, and carefully explained the nature of an indictment for the jury again as only a charge, lacking any evidentiary value. The contents of the indictment were not new, the prosecution had read the entire indictment during openings, as he was entitled to do (see, People v Reilly, 49 App Div 218, 221, affd 164 NY 600), and defense counsel and the court had previously discussed the charges and admonished the jury that it was only a charge and entitled to no weight. The counts did not purport to be a statement of the law and they were given to the jury at its request with approved instructions concerning its meaning and its limited value. It no more emphasized one side of the case to the exclusion of the other than did the jury’s consideration of exhibits which were properly delivered to the jury room without counsel’s consent (GPL 310.20).
Nor is this case controlled by our decision in People v Sanders (70 NY2d 837) which involved submission of a statute (see also, People v Nimmons, 72 NY2d 830). Although the court was also responding to the jury’s request in Sanders, the danger that a jury may misuse a statute is significantly greater than the danger that it will misuse an indictment. When jurors consider a statute in isolation, apart from related statutes, the legislative history and judicial interpretation, they may very well engage in a collateral debate as to its meaning, thereby taking on the role as Judges of the law as well as Judges of the fact. No such danger exists when an indictment is given to the jury, for the law presumes that the jury will follow the court’s instructions that the indictment is not evidence and is only an accusatory instrument.
Accordingly, the order of the Appellate Division should be affirmed.

 "second count
"The Grand Jury of the County of the Bronx by this indictment, accuse the defendant of the crime of murder in the second degree committed as follows:
"The defendant, on or about January 17, 1984, in the County of the Bronx, having attempted to commit the crime of robbery, and in the course of and in furtherance of such crime and of immediate flight therefrom, caused the death of Elizabeth Doherty [sic] she being other than a participant, by asphyxiation by smothering.
"third count
"The Grand Jury of the County of the Bronx by this indictment, accuse the defendant of the crime of murder in the second degree committed as follows:
"The defendant, on or about January 17, 1984, in the County of the Bronx, having committed the crime of burglary, and in the course of and in furtherance of such crime and of immediate flight therefrom, caused the death of Elizabeth Doherty [sic] she being other than a participant, by asphyxiation by smothering.”