■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNIS CROSBY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Slavin, J.), rendered November 21, 1986, convicting him of criminal possession of a controlled substance in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law and as a matter of discretion in the interest of justice, and a new trial is ordered. The facts have been considered and determined to have been established.

The trial court committed reversible error by submitting to the jury, over defense counsel's objection, a verdict sheet containing not only the crimes charged and the possible verdicts thereon (see, CPL 310.20 [2]), but also the elements of

those charges and factual parentheticals with regard to each charge *(see, People v Nimmons,* 72 NY2d 830; *People v Owens,* 69 NY2d 585; *People v Jackson,* 148 AD2d 750; *People v McKenzie,* 148 AD2d 472; *People v Gillispie,* 144 AD2d 482; *People v Valle,* 143 AD2d 160; *People v Testaverde,* 143 AD2d 208).

The trial court also committed error by failing to include in its charge on the so-called "drug factory" presumption the statutory language of Penal Law § 220.25 (2) relating to one of the elements necessary to trigger the presumption, i.e., the requirement that "circumstances evincing an intent to unlawfully mix, compound, package or otherwise prepare for sale" be present (Penal Law § 220.25 [2]). Although no objection to the foregoing omission was made by the defendant, we exercise our interest of justice jurisdiction to reach the issue.

We have examined the defendant's remaining contentions and find them to be without merit. Bracken, J. P., Kunzeman, Spatt and Harwood, JJ., concur.