■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEONARD WILLIAMS, Appellant.—Judgment, Supreme Court, Bronx County (David Levy, J.), rendered November 8, 1985, after a jury trial, convicting defendant of assault in the third degree, adjudging him a youthful offender and sentencing him to a term of imprisonment of one year, unanimously reversed, on the law, and the matter remanded for a new trial.

Defendant was convicted of assault for stabbing Antonio Ricca in an incident which was undisputedly initiated by Ricca and his friends, who threw snowballs at defendant and his cousin and directed racial slurs towards them. Eventually, defendant and his cousin fled and were chased by Ricca and his two friends. When defendant stopped to assist his cousin he was struck by Ricca. Defendant testified that after falling to his knees he was struck again and then kicked. When defendant, dazed, saw Ricca reach into his pocket, he believed that Ricca was going to take out a weapon. Defendant testified that he pulled out a knife and began to wave it to scare off his attackers. Ricca responded by grabbing him and choking him. Suddenly, according to defendant, the knife was out of his hand and Ricca was bleeding. Defendant did not recall stabbing him.

At the close of the evidence defendant requested that the court charge the affirmative defense of justification. The court refused, holding that there was no threat of deadly physical force at the time defendant pulled out the knife. As the People concede, a justification instruction should have been given. Reasonably viewed, there is a version of the incident that before taking out his knife, defendant, in the course of a beating, perceived that Ricca was about to take out a weapon and use it against him. A jury could find, in such circumstances, that defendant's use of the knife was justified.

Finally, we note that it was also error for the court to submit portions of its written charge to the jury. *(People v Owens, 69 NY2d 585.)* Accordingly, we reverse and remand for a new trial. Concur—Sullivan, J. P., Asch, Rosenberger, Wallach and Rubin, JJ.