review of the record indicates that the prosecutor's summation comments were either made in response to defense counsel's summation or constituted fair comment on the evidence *(see, People v Martin,* 149 AD2d 534; *People v Dupree,* 148 AD2d 465; *People v Miller,* 143 AD2d 1055).

The court erred, however—as the People concede—in imposing consecutive sentences with respect to the counts of murder in the second degree of which the defendant was convicted. Since the deaths of the two victims resulted from the defendant's single act of arson, any sentences imposed should have run concurrently *(see,* Penal Law § 70.25 [2]; *People v Day,* 73 NY2d 208, 211-212; *People v Underwood,* 52 NY2d 882). Kunzeman, J. P., Kooper, Harwood and Rosenblatt, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN DURANT, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lombardo, J.), rendered December 16, 1986, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. The facts have been considered and determined to have been established.

Reversal is required by the trial court's submission, over the defendant's objection, of a verdict sheet which included allegations mirroring the language of the indictment with respect to each crime charged *(see,* CPL 310.20 [2]; *People v Nimmons,* 72 NY2d 830; *People v Pugh,* 150 AD2d 734; *People v McKenzie,* 148 AD2d 472; *cf., People v Moore,* 71 NY2d 684).

Upon retrial separate trials should be granted to the defendant and codefendant to avoid a violation of the holding of *Cruz v New York* (481 US 186).

In light of our determination we do not reach the defendant's remaining contentions. Kooper, J. P., Spatt, Harwood and Rosenblatt, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARIO DURANT, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lombardo, J.), rendered December 29, 1986, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to