■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM BOLLANDER, THOMAS FARINO, and JAMES POVINELLI, Appellants.—Appeals by the defendants from three judgments (one as to each of them) of the Supreme Court, Queens County (Demakos, J.), all rendered September 19, 1988, convicting them of riot in the second degree, upon jury verdicts, and imposing sentences.

Ordered that the judgments are reversed, on the law, and the indictment is dismissed, without prejudice to the People to re-present any appropriate charges to another Grand Jury *(see, People v Beslanovics,* 57 NY2d 726); the facts have been considered and are determined to have been established; it is further,

Ordered that upon service upon them of a copy of this decision and order, with notice of entry, each of the defendants is directed to appear, forthwith, before the Supreme Court, Queens County, at which time that court shall issue a securing order pursuant to CPL 470.45, either releasing the defendant so appearing on his own recognizance, or fixing bail, or committing him to the custody of the Commissioner of the New York City Department of Correction pending resubmission of the case to the Grand Jury and the Grand Jury's disposition thereof *(cf.,* CPL 210.45 [9]). Such securing order shall remain in effect until the first to occur of any of the following: (a) a statement to the court by the People that they do not intend to resubmit the case to a Grand Jury, (b) arraignment of the defendant upon an indictment filed as a result of a resubmission of the case to a Grand Jury, (c) the filing with the court of a Grand Jury dismissal of the case following resubmission thereof, or (d) the expiration of a period of 45 days from the date of this decision and order, provided that such period may, for good cause shown, be extended by the Supreme Court, Queens County, to a designated subsequent date if such be necessary to accord the

People reasonable opportunity to resubmit the case to a Grand Jury.

At the conclusion of its oral instructions but prior to the commencement of deliberations, the trial court, over strenuous defense objections, furnished the jury with verdict sheets containing not only the crimes charged and the possible verdicts thereon (see, CPL 310.20 [2]), but also certain elements of those charges. Parenthetical notations to the charges of riot in the first degree read "simultaneously with ten or more persons * * * physical injury", and that which accompanied the lesser included offense of riot in the second degree stated "simultaneously with four or more other persons". The risk of submitting a verdict sheet listing all or part of the statutory elements of the crimes is that the jury may "perceive the writing as embodying * * * more important instructions, inviting greater attention to the principles that are repeated in writing than those simply recited orally" (People v Owens, 69 NY2d 585, 591; see, People v Brooks, 70 NY2d 896, 898). The precise concerns regarding the danger and prejudice inherent in such a submission were implicated at bar, where the defendants challenged the evidence not only with respect to those elements emphasized in the verdict sheet, but also those regarding the nature of their actions and the gravity of the consequences thereof which were omitted, i.e., they claimed that they had not engaged in "tumultuous and violent conduct and thereby intentionally or recklessly caus[e] or creat[e] a grave risk of causing public alarm" (Penal Law §§ 240.05, 240.06). It is by now well established that the submission of such a verdict sheet over defense objection constitutes reversible error which cannot be deemed harmless (People v Nimmons, 72 NY2d 830; People v Taylor, 154 AD2d 634; People v Jackson, 148 AD2d 750; People v Gillispie, 144 AD2d 482), and, hence, reversal is mandated.

The trial court committed further error in refusing the defense request to instruct the jury on disorderly conduct as defined by Penal Law § 240.20 (1) as a lesser included offense of riot in the second degree. The first prong of the two-tiered analysis entails a consideration of the Penal Law definitions of the two offenses at issue (People v Glover, 57 NY2d 61; People v Green, 56 NY2d 427). The court charged, as a lesser included offense of riot in the first degree (Penal Law § 240.06), riot in the second degree, of which one may be convicted when, "simultaneously with four or more other persons, he engages in tumultuous and violent conduct and thereby intentionally or recklessly causes or creates a grave risk of causing public

alarm" (Penal Law § 240.05). A person is guilty of disorderly conduct, another offense against the public order, when,

"with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof * * *

"[h]e engages in fighting or in violent, tumultuous or threatening behavior" (Penal Law § 240.20 [1]).

Comparative examination of these two statutes reveals that it would be theoretically impossible for a defendant to commit the misdemeanor of riot in the second degree without also committing the violation of disorderly conduct as defined in Penal Law § 240.20 (1).

The defendants having satisfied the first prong of the test, we turn to the second inquiry of the analysis, which requires review of the evidence presented in the particular case to determine whether there is a reasonable view of the evidence upon which the jury could find that the defendants committed the lesser offense but not the greater (CPL 300.50 [1]; *People v Green,* 56 NY2d 427, *supra; People v Henderson,* 41 NY2d 233). We conclude that this requirement was also satisfied at bar. The jury could have concluded that the individual defendants did not participate simultaneously with four other persons in riotous conduct in view of the varying testimony of eyewitnesses as to how many individuals participated in the incident and who was among them. Moreover, the jury also could have found that while the defendants' conduct was of a type which was proscribed by law, it was neither characterizable as "tumultuous and violent" nor of such gravity as to have caused or created a grave risk of public alarm. Thus, the defendants were entitled to have the jury instructed on the lesser included offense of disorderly conduct, as requested. Where, as here, the jury convicted the defendants of the lowest offense charged, the failure to charge an even lesser offense cannot be considered harmless *(see, People v Boettcher,* 69 NY2d 174, 180; *People v Green,* 56 NY2d 427, 435-436, *supra).*

We have considered the defendants' remaining contentions and find them to be without merit. Mangano, J. P., Bracken, Kunzeman, Rubin and Spatt, JJ., concur.