(March 20, 1990)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN PRIDGEN, Appellant.—Judgment of the Supreme Court, Bronx County (Fred W. Eggert, J.), rendered on or about June 7, 1982, convicting defendant, after a jury trial, of murder in the second degree and sentencing him to a term of 25 years to life, unanimously reversed on the law, and the matter remanded for a new trial.

As the People commendably concede, the trial court's submission to the jury over defendant's objection of a typewritten summary of the elements of the crimes at issue constituted reversible error. (People v Owens, 69 NY2d 585; People v Brooks, 70 NY2d 896; People v Nimmons, 72 NY2d 830.)

Although we realize that the summary was intended as an aid to the jury, we also recognize that it may have had the unintended consequence of unduly emphasizing certain guilt-oriented aspects of the oral charge (supra). In view of the latter circumstance and of the fact that the defendant did not consent to the submission the error cannot be deemed harmless (supra). Accordingly, there must be a reversal and a new trial.

Although we reverse the conviction upon the aforestated ground, we find no basis to disturb the hearing court's denial of defendant's motion to suppress a statement and certain physical evidence. The hearing court's findings appear well

supported in the record and, in any case, rest largely upon credibility determinations to which deference should ordinarily be given on appeal *(see, e.g., People v Vincente,* 100 AD2d 789, *affd* 63 NY2d 745; *People v Gordon,* 131 AD2d 588; *People v Delgado,* 118 AD2d 580, *lv denied* 67 NY2d 1052). Concur—Murphy, P. J., Kupferman, Carro, Kassal and Wallach, JJ.