■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICARDO MELENDEZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Douglass, J.), rendered July 21, 1986, convicting him of criminal possession of a controlled substance in the first degree (two counts), criminal possession of a controlled substance in the third degree (seven counts), criminal possession of a controlled substance in the fourth degree, criminal possession of a controlled substance in the seventh degree (seven counts), unlawful possession of marihuana, and criminally using drug paraphernalia in the second degree (six counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was arrested on the night of January 8, 1985, during the execution of a search warrant on apartment 1-R, 289 Harman Street, Brooklyn, where the police discovered a drug "factory". When the police broke into the apartment, they found the defendant and a codefendant in the bathroom, apparently flushing cocaine down the toilet. A telephone beeper was recovered from the defendant's waistband, and the defendant's jacket was found hanging on the inside of the door to the front bedroom, where the bulk of the drugs and drug paraphernalia was stored.

The defendant, a guest in the apartment, lacks standing to challenge the search warrant and/or to demand a *Darden* hearing *(People v Darden,* 34 NY2d 177), since he had no legitimate expectation of privacy in the premises searched, despite the prosecution's use of a theory of constructive possession *(People v Wesley,* 73 NY2d 351). His "illegal purpose and enterprise" in the apartment may not, without more, confer a standing that the defendant otherwise lacks *(see, People v Rodriguez,* 69 NY2d 159, 165).

The defendant's challenge to the trial court's inclusion of "parenthetical references to the facts" on the verdict sheet—consisting of the name of the drug to which each count referred, and where it was allegedly located in the apartment—is not preserved for appellate review. The defendant did not join in his codefendant's objection to the verdict sheet. Notwithstanding the agreement of counsel made early in the trial that objections and exceptions made by counsel for one defendant would apply to all codefendants, "[f]or tactical reasons

codefendants might take different positions on the desirability of various instructions to the jury," with the result that each must specify his or her position to preserve any perceived legal error at that stage of the trial *(People v Buckley,* 75 NY2d 843, 846). In any event, the "parenthetical references to the facts" in the case at bar did not emphasize one principle of law or factual scenario at the expense of others *(see, People v Nimmons,* 72 NY2d 830; *People v Owens,* 69 NY2d 585; *People v Alexander,* 152 AD2d 587). Rather, they constituted a neutral "list" of exhibits, designed to assist the jury in its deliberations *(cf.,* Bellacosa, Practice Commentary, McKinney's Cons Laws of NY, Book 11A, CPL 310.20, at 653; *see also, People v Ribowsky,* 156 AD2d 726).

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish that the defendant was in constructive possession of narcotics and narcotics paraphernalia beyond a reasonable doubt. Cocaine was found on the toilet seat, where the defendant and a codefendant apparently had been flushing down drugs when the police entered, the defendant's jacket was hanging in the bedroom where most of the drugs and drug paraphernalia were kept, and the presence of an electronic beeper indicated that he was no mere "dabbler" or "amateur" in narcotics *(see, People v Ortiz,* 152 AD2d 755, 756). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The trial court made proper inquiry, and ascertained that the defendant had received adequate *Parker* warnings at a prior court appearance *(People v Parker,* 57 NY2d 136), so that his disappearance, apparently on the eve of trial, constituted a waiver of his right to be present during the proceedings. After weighing the pertinent factors, the trial court appropriately determined to proceed with the trial, with the four codefendants then present, and to try the defendant in absentia. In any event, the defendant's aunt testified that her nephew had indicated to her two days before the pretrial hearing that he was aware of the impending court proceedings, with the result that his absence was voluntary, and an unambiguous indication of his "defiance of the processes of law" *(People v Sanchez,* 65 NY2d 436, 444).

We have examined the defendant's remaining contentions and find them to be either unpreserved for appellate review (CPL 470.05 [2]), without merit, or based upon matter dehors

the record. Lawrence, J. P., Kunzeman, Rosenblatt and Miller, JJ., concur.