■ The People of the State of New York, Respondent, v Basil Hedge, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Slavin, J.), rendered November 19, 1986, convicting him, in absentia, of criminal possession of a controlled substance in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. The facts have been considered and are determined to have been established.

The Trial Justice committed reversible error by submitting to the jury, over defense counsel's objection, a verdict sheet

containing not only the crimes charged and the possible verdicts thereon (see, CPL 310.20 [2]), but also the elements of those charges and parenthetical statements with regard to each charge (see, People v Nimmons, 72 NY2d 830; People v Owens, 69 NY2d 585; People v Crosby, 150 AD2d 478).

The Trial Justice also committed error by failing to include in its charge on the so-called "drug factory" presumption the statutory language of Penal Law § 220.25 (2) relating to one of the elements necessary to trigger the presumption. The court failed to include the element pertaining to the "intent to unlawfully mix, compound, package or otherwise prepare for sale" the narcotics (Penal Law § 220.25 [2]). As such, the charge was defective and a new trial is warranted.

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

In light of our determination, we do not reach the defendant's remaining contentions. Mangano, P. J., Lawrence, Balletta and O'Brien, JJ., concur.