■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROLANDO PORTER, Appellant.—Judgment of the Supreme Court, New York County (Alvin Schlesinger, J.), rendered on January 13, 1988, convicting defendant, following a jury trial, of criminal sale of a controlled substance in the third degree and sentencing him, as a second felony offender, to a prison term of from 4½ to 9 years, is unanimously affirmed.

On November 3, 1986, Police Officer Michael Shalley was on the rooftop of a 15-story building when he observed the corner of West 95th Street and Amsterdam Avenue through a telescope with a magnification of 40 times. Officer Shalley saw defendant and his accomplice sell two vials of cocaine to a buyer. Soon thereafter, defendant was arrested by a backup team. At the ensuing trial, he asked the court to instruct the jury that it could not look through the telescope during its deliberations. The Judge denied this request but advised the jurors to refrain from endeavoring to replicate the scene of the crime; the court also warned the jurors of the dangers of any attempted reenactment.

Defendant now contends that he was denied a fair trial by the court's refusal to instruct the jury that it could not look through the telescope during its deliberations. However, the Judge's ruling in this respect was certainly not improper *(see, United States v Hawkins,* 595 F2d 751, 753) and was, on the contrary a proper exercise of the court's discretion (CPL 310.20; *People v Owens,* 69 NY2d 585, 590; *People v Duncan,* 46 NY2d 74, 80). Furthermore, there is no merit to defendant's claim that the court's charge was not adequate to protect him from the jury reenacting the scene of the purported sale. In that regard, the jury can be presumed to have followed the court's instructions *(People v Berg,* 59 NY2d 294, 299-300), and defendant has not presented convincing evidence to suggest otherwise. Concur—Murphy, P. J., Carro, Milonas and Ellerin, JJ.