■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DERRICK JOHNSON, Appellant.—Judgment, Supreme Court, New York County (Clifford Scott, J.), rendered July 5, 1990, convicting defendant, after trial by jury, of two counts of burglary in the first degree, one count of robbery in the first degree, and one count of robbery in the second degree, and sentencing him to concurrent indeterminate terms of imprisonment of twelve and one half to twenty five years on the burglary and first degree robbery counts and seven and one half to fifteen years on the second degree robbery count, unanimously reversed, on the law, and the matter remanded for a new trial.

The evidence at trial demonstrates that, on the afternoon of October 18, 1988, defendant broke into the apartment of Evelyn Ledyard, ransacked it, and, when discovered by Ms. Ledyard, threatened her with a knife. He then fled the scene with various items taken from the apartment and, when confronted by security guard Juan Melgar, struck and injured him.

Over defense counsel's objection, the court provided the jury with an annotated verdict sheet describing the charges as:

"1. Burglary 1° (Threatened use of a dangerous instrument to Evelyn Ledyard)

"2. Burglary 1° (Caused physical injury to Juan Melgar)

"3. Robbery 1° (Forcibly stole property from Evelyn Ledyard)

"4. Robbery 2° (Caused physical injury to Juan Melgar)".

The Court of Appeals has clearly forbidden the submission to the jury of a verdict sheet which contains explanatory language describing some of the elements of the various counts with which the defendant is charged *(see, People v Kelly,* 76 NY2d 1013; *People v Nimmons,* 72 NY2d 830). We

have previously noted that it is "well established that a violation of this rule * * * requires reversal irrespective of prejudice" *(People v Ocasio,* 161 AD2d 526; *see also, People v Sotomayer,* 173 AD2d 500 [2d Dept], *lv granted* 78 NY2d 958; *but see, People v Campbell,* 170 AD2d 982 [4th Dept], *lv denied* 78 NY2d 963). Thus, contrary to the People's contention, the fact that the defense which was emphasized at the trial in this case was misidentification, rather than a failure to prove the individual elements described on the verdict sheet, does not alter the effect of the error in the form of the verdict sheet. As we recently noted in *People v Rogers* (181 AD2d 419), "Whatever we think of the wisdom of such a rule, we are bound by precedent." Concur—Sullivan, J. P., Ellerin, Wallach and Rubin, JJ.