■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH ALBERT, Appellant. [635 NYS2d 900] —Judgment unanimously affirmed. Memorandum: Defendant contends that he was denied a fair trial by prosecutorial misconduct on cross-examination of defendant and on summation. We disagree. The court sustained defense counsel's objections to the cited instances of prosecutorial misconduct on cross-examination of defendant, and defense counsel neither moved for a mistrial nor sought curative instructions, thereby failing to preserve any error for our review *(see, People v Medina,* 53 NY2d 951; *People v Bruce,* 216 AD2d 913). Defense counsel failed to object to the alleged instances of prosecutorial misconduct on summation, thereby failing to preserve those instances for our review *(see,* CPL 470.05 [2]). In any event, we conclude that defendant was not denied a fair trial by prosecutorial misconduct on summation *(see, People v Halm,* 81 NY2d 819, 821).

The contention that the verdicts are repugnant also is unpreserved for review because defense counsel failed to raise it before the jury was discharged *(see, People v Satloff,* 56 NY2d 745, 746, *rearg denied* 57 NY2d 674; *People v Paz,* 159 AD2d 987, 988, *lv denied* 76 NY2d 793). Additionally, the contention in defendant's *pro se* supplemental brief that there were errors in the jury instructions is unpreserved. We decline to exercise

our power to review those contentions as a matter of discretion in the interest of justice *(see,* CPL 470.15 [6] [a]). The record is insufficient for review of the contention that the jurors were not properly sequestered.

With respect to the verdict sheet, the inclusion of parenthetical language distinguishing among 10 counts of assault in the first degree, two counts of murder in the second degree and two counts of manslaughter was not error *(see, People v Campbell,* 170 AD2d 982, *lv denied* 78 NY2d 963). The verdict sheet at issue here, like that in *Campbell,* is very different from the verdict sheet rejected in *People v Nimmons* (72 NY2d 830). (Appeal from Judgment of Supreme Court, Monroe County, Mark, J.—Robbery, 1st Degree.) Present—Green, J. P., Pine, Wesley, Balio and Boehm, JJ.