■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SOL ORTIZ, Appellant.—Judgment, Supreme Court, New York County (Juanita Bing Newton, J.), rendered April 17, 1989,

convicting defendant, after a jury trial, of two counts of criminal possession of a controlled substance in the third degree, one count of criminal possession of a controlled substance in the seventh degree, and one count of criminally using drug paraphernalia in the second degree, and sentencing defendant, as a second felony offender, to concurrent prison terms of 7 to 14 years on each felony possession count and one year on each misdemeanor count, unanimously affirmed. Judgment of the same court, rendered April 17, 1989, convicting defendant, upon a plea of guilty, of criminal sale of a controlled substance in the fifth degree and sentencing defendant to prison term of 2 to 4 years to run concurrently with the above-mentioned sentence, unanimously affirmed.

Defendant was arrested after police searched her apartment pursuant to a warrant. In excess of one-half ounce of cocaine, quantities of marihuana and heroin, and various drug paraphernalia, including crack vials, crack pipes, scales, glassine envelopes, large sums of cash, and other items were discovered.

Viewing the evidence in a light most favorable to the People *(People v Contes,* 60 NY2d 620), defendant's guilt was established beyond a reasonable doubt by overwhelming evidence. Although defendant's boyfriend attempted to exculpate her, claiming that everything belonged to him, defendant resided in the apartment, not the boyfriend, and most of the contraband was found in her bedroom and in articles of clothing. Since the narcotics were found in premises under her control, it may be inferred that defendant had both knowledge and control of the narcotics *(People v Reisman,* 29 NY2d 278, *cert denied* 405 US 1041).

Nor do we find any infirmity in the manner in which the cocaine was tested by the police chemist. Concur—Carro, J. P., Ellerin, Kupferman, Kassal and Rubin, JJ.