■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ENRIQUE TORRES, Appellant.—Judgment, Supreme Court, New York County (Juanita Bing Newton, J.), rendered March 29, 1989, convicting defendant, after a jury trial, of two counts of criminal possession of a controlled substance in the third

degree, one count of criminal possession of a controlled substance in the seventh degree and one count of criminally using drug paraphernalia in the second degree, and sentencing defendant, as a second felony offender, to two indeterminate terms of 9 to 18 years, and two definite terms of one year, respectively, to be served concurrently, unanimously affirmed.

Upon execution of a search warrant at the apartment of defendant's wife, the police found substantial quantities of drug paraphernalia, along with cash, marijuana, crack and other cocaine residue. Despite having received two *Miranda* warnings, defendant, in his attempt to exculpate his wife and stepson, who were present with him in the apartment, spontaneously stated that the contraband belonged only to him and that nothing more was to be found, as he had "gotten rid of the stuff" the previous day. We note that the apartment, which defendant claimed as his residence although registered to his wife, contained men's clothing and that defendant was in possession of a key thereto.

Defendant's admissions establish that he had dominion and control over the contraband *(People v Reisman,* 29 NY2d 278, *cert denied* 405 US 1041).

By failing to move to suppress his statement, defendant failed to preserve a sufficient factual record for review *(People v Charleston,* 54 NY2d 622). However, were we to review, we would find no basis to conclude that defendant's statement was elicited in violation of his right to counsel or that it was in any way involuntary. On the contrary, the record indicates that defendant's statements were voluntary and not the result of an interrogation.

Defendant's challenge to the testing methods utilized by a police chemist is governed by our ruling in *People v Ortiz* (169 AD2d 573, 574, *lv denied* 78 NY2d 957). We find no basis to depart from that ruling. We presume that the jury followed the court's curative instruction in respect to testimony concerning prior drug transactions at the location *(People v Moore,* 71 NY2d 684, 688).

Defendant has failed to preserve the claim that uncharged crimes were attributed improperly to him. It was counsel for co-defendant who elicited testimony relative to arrests in the building immediately prior to the execution of the warrant during cross-examination of a police officer. Counsel for defendant did not object (CPL 470.05 [2]). In any event, we find no basis to conclude that the arrests of unrelated parties nearby impute criminality to defendant.

We have considered defendant's remaining contentions and find them to be without merit. Concur—Ellerin, J. P., Kupferman, Asch and Kassal, JJ.