■ RONALD STEWART, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 71142.)—In a claim to recover damages under Court of Claims Act § 8-b for unjust conviction and imprisonment, the defendant the State of New York appeals from an order of the Court of Claims (Rossetti, J.), dated September 24, 1985, which, *inter alia,* denied its motion to dismiss the claim under CPLR 3211 (a) (7) for failure to state a cause of action.

Ordered that the order is reversed, on the law, without costs or disbursements, the motion is granted, and the claim is dismissed.

By judgment of the Supreme Court, Queens County (Ferraro, J.), rendered June 25, 1979, the claimant Ronald Stewart was convicted of robbery in the first degree, upon a jury verdict. In March 1983 this court ordered that the judgment be reversed, on the law and as a matter of discretion in the interest of justice, and directed that a new trial be held *(People v Stewart,* 92 AD2d 226). Our determination to reverse the judgment was based upon our finding that "the trial was plagued by what we consider[ed] outrageous prosecutorial misconduct, depriving defendant of a fair trial" *(People v Stewart, supra,* at 227). A new trial apparently was not held and the indictment was eventually dismissed.

Thereafter, the Legislature enacted Court of Claims Act § 8-b, effective December 21, 1984, which permitted claims to be asserted against the State for the recovery of damages by "those innocent persons who can demonstrate by clear and convincing evidence that they were unjustly convicted and imprisoned" (Court of Claims Act § 8-b [1]). Court of Claims Act § 8-b (3) specified the following requirements which a claimant was to establish by documentary evidence in order to present a claim:

"3. In order or present the claim for unjust conviction and imprisonment, claimant must establish by documentary evidence that:

"(a) he has been convicted of one or more felonies or misdemeanors against the state and subsequently sentenced to

a term of imprisonment, and has served all or any part of the sentence; and

"(b) (i) he has been pardoned upon the ground of innocence of the crime or crimes for which he was sentenced and which are the grounds for the complaint; or (ii) his judgment of conviction was reversed or vacated, and the accusatory instrument dismissed or, if a new trial was ordered, either he was found not guilty at the new trial or he was not retried and the accusatory instrument dismissed; provided that the judgement of conviction was reversed or vacated, and the accusatory instrument was dismissed, on any of the following grounds: (A) paragraph (a), (b), (c), (e) or (g) of subdivision one of section 440.10 of the criminal procedure law; or (B) subdivision one (where based upon grounds set forth in item (A) hereof), two, three (where the count dismissed was the sole basis for the imprisonment complained of) or five of section 470.20 of the criminal procedure law; or (C) comparable provisions of the former code of criminal procedure or subsequent law; or (D) the statute, or application thereof, on which the accusatory instrument was based violated the constitution of the United States or the state of New York; and

"(c) his claim is not time-barred by the provisions of subdivision seven of this section".

Pursuant to the statute, Mr. Stewart served a claim against the State dated June 19, 1985, alleging, *inter alia,* that "[h]e was sentenced to a term of imprisonment and served all or part of the sentence * * * [and that h]is judgment of conviction was reversed or vacated and the accusatory instrument was dismissed or a new trial ordered and he was not retried and the accusatory instrument was dismissed on grounds permitting the filing of the instant claim". Contrary to the express provisions of Court of Claims Act § 8-b (3), Mr. Stewart did not present any documentary evidence to establish the facts of his conviction, the grounds for dismissal of the indictment or any information concerning his sentence. Significantly, on this record, it cannot be determined whether the accusatory instrument was dismissed on any one of the limited grounds enumerated under Court of Claims Act § 8-b (3) (b) to demonstrate his entitlement to pursue his claim.

Moreover, as correctly pointed out by the defendant, the allegations in the claim are patterned upon the language of the statute and fail to provide any specific details concerning the basis of the claim. Our review of the claim indicates that it also does not comply with the following provisions of Court of Claims Act § 8-b (4). "The claim shall state facts in suffi-

cient detail to permit the court to find that claimant is likely to succeed at trial in proving that (a) he did not commit any of the acts charged in the accusatory instrument or his acts or omissions charged in the accusatory instrument did not constitute a felony or misdemeanor against the state, and (b) he did not by his own conduct cause or bring about his conviction. The claim shall be verified by the claimant. If the court finds after reading the claim that claimant is not likely to succeed at trial, it shall dismiss the claim, either on its own motion or on the motion of the state".

In view of these fatal defects, we agree with the defendant's contention on this appeal that the Court of Claims was required under Court of Claims Act § 8-b (4) to dismiss the claim. Mangano, J. P., Thompson, Niehoff and Spatt, JJ., concur.