■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERWIN PUGH, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Feldman, J.), rendered July 8, 1986, convicting him of attempted rape in the first degree, sexual abuse in the first degree, assault in the second degree and assault in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law and the facts, the indictment is dismissed, and the matter is remitted to the Supreme Court, Kings County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

Upon the exercise of our factual review power, we find that although the People may have adduced legally sufficient proof, the verdict of guilt as to the counts of attempted rape in the first degree (Penal Law § 130.35 [1]; § 110.00), sexual abuse in the first degree (Penal Law § 130.65 [1]) and assault in the second degree (Penal Law § 120.05 [6]) was against the weight of the evidence (see, CPL 470.20 [2]).

The testimony given by the complainant and the defendant concerning the events of the early morning hours of June 27, 1985, constituted two extremely divergent explanations of the defendant's presence in the complainant's apartment building. We find the complainant's narrative to be fraught with inconsistencies and implausible explanations, whereas the defendant's version is logical and comports with reason. As such, we perceive no basis for the jury's verdict.

The complainant testified that the front door to her building was locked and entry could only be gained through the use of a key or by admission through a person inside the building as there was no buzzer system. Although the door was occasionally propped open, she testified that she used her key to enter the building as did her neighbor who came to her aid when she began to scream. She averred that although the door was very heavy and made a loud noise when it automatically shut,

she did not hear the door close behind the defendant, who allegedly attacked her after she reached her second floor apartment. Since she testified that she heard noise from the front door from the fourth floor, it strains credulity to imagine that she did not hear or see the defendant who allegedly came into the building directly after her. Even accepting the complainant's assertion that the defendant may have been admitted into the building by another tenant or that he followed her inside without her noticing, one must question her claim that she did not hear the front door close prior to the time the defendant allegedly grabbed her in the second floor.

The defendant's story, as given through a stipulation of the arresting officer's testimony and by the defendant at trial, was consistent and plausible. His claim that the complainant invited him inside is consistent with the fact that it is highly improbable that he could have entered the building unless she let him in. In this regard, it is noteworthy that although this was a relatively short and simple trial, the jury was initially unable to reach a verdict and had to be sequestered for the night. Moreover, at sentencing, the court stated "I was not a member of the jury. I'm not going to become a 13th member of the jury. I do, however, share Mr. Pugh's surprise that he was convicted. It seems to me that the jury was having some problems with it * * *. I do believe that the situation had gotten out of hand rather than * * * as the complaining witness described it".

Further, we find that the trial court committed reversible error by submitting to the jury, over defense counsel's objection, a verdict sheet containing not only the crimes charged and the possible verdicts thereon (see, CPL 310.20 [2]) but also the elements of those charges and an indictment-like allegation as to the count of sexual abuse in the first degree (see, People v Nimmons, 72 NY2d 830; People v Sanders, 70 NY2d 837; People v Owens, 69 NY2d 585; People v Jackson, 148 AD2d 750; People v Gillispie, 144 AD2d 482; People v Valle, 143 AD2d 160).

Although the People sustained their burden of proof as to the misdemeanor count of assault in the third degree (Penal Law § 120.00 [1]) and we would ordinarily order a new trial as to this count, a new trial would serve no purpose here, as the defendant has already served the full sentence on this conviction. Accordingly, we dismiss that count of the indictment in the interest of justice (see, People v Baldwin, 53 AD2d 646; cf., People v Roopchand, 107 AD2d 35, 38, affd 65 NY2d 837).

In light of our determination, we do not reach the defen-

dant's remaining contentions. Bracken, J. P., Lawrence, Harwood and Balletta, JJ., concur.