■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HUSSAIN AL-SULLAMI, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Boklan, J.), rendered June 19, 1989, convicting him of sodomy in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the facts, the indictment is dismissed, and the matter is remitted to the County Court, Nassau County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

The defendant was charged with three counts of rape in the first degree and four counts of sodomy in the first degree. These counts arose from seven different forced sexual acts allegedly perpetrated against the complainant in a car within a time period of approximately 1 hour and 15 minutes. The defendant, who testified at trial, admitted to performing one act of sexual intercourse and two acts of oral sex (sodomy) with the complainant, but he maintained that the acts were consensual. The jury acquitted the defendant of all three counts of rape and all but one of the sodomy counts.

Viewing the complainant's testimony in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), the People established a legally sufficient case against the defendant. However, although we are not unmindful of the

principle that the conclusions of the triers of fact are to be viewed with great deference *(see, People v Garafolo,* 44 AD2d 86), upon reviewing the entire record, and after considering and weighing the conflicting evidence, the inconsistencies in the complainant's testimony and the inferences to be drawn therefrom, we find that the verdict of guilt on the remaining count of sodomy was against the weight of the evidence *(see,* CPL 470.15 [5]; *People v Bleakley,* 69 NY2d 490).

There was uncontroverted evidence that the complainant and the defendant met at a nightclub on Long Island at approximately 12:30 A.M., and went outside to the parking lot after each had a few drinks. They entered the defendant's car, moved it to a parking lot across the street from the club, and smoked a marihuana cigarette. The remaining portions of the testimony given by the complainant and the defendant constituted two extremely divergent explanations of the events that followed. We find that the complainant's narrative is replete with inconsistencies and implausible explanations, whereas the defendant's version is consistent and comports with reason. As such, the verdict of guilt was against the weight of the evidence *(see generally, People v Pugh,* 150 AD2d 734).

The complainant testified that while they were in the car, the defendant expressed a desire to drive to his bank to get more money. She attempted to get out of his car so she could tell her friends what was going on, but the defendant allegedly locked her in, using the power locks of the car. When she unlocked the door, he locked it again. Contrary to these allegations, however, it was established at trial that the car did not have power locks. The complainant further testified that after the power lock incident, she agreed to go to the bank with the defendant. This supported the defendant's testimony that the complainant went with him voluntarily to the bank.

The complainant testified that at one point the defendant wanted to kiss her. She stated that she did not want to kiss, but she let him kiss her. Her conclusion on the witness stand that she did not consent to kissing, does not comport with her rendition of the facts. We find several of the complainant's remarks made during her testimony to be incongruous with the violent acts described. For example, she complained that throughout the incident the defendant never called her by her name. In addition, she testified that after the ordeal she wanted to go to a 7-Eleven store because she was thirsty, but the defendant did not take her.

Furthermore, a vaginal smear performed on the complain-

ant within several hours of the incident revealed the presence of 1 single sperm cell compared with the defendant's sperm count of 76 million. This evidence tended to corroborate the defendant's version that he wore a condom during the entire act of sexual intercourse, and refutes the complainant's testimony that the defendant took the condom off and ejaculated into her on two separate occasions.

Finally, it strains credulity to imagine that the complainant, after being raped and sodomized two times, would return to the defendant's car after he voluntarily let her out to go to the bathroom behind a building located in a residential park. During this event, the defendant remained in the car in a parking lot out of her sight.

In light of the above contradictions and incongruities in the complainant's testimony, we find that her testimony, which was largely discredited by the jury as evidenced by its verdict, failed to prove the defendant's guilt of nonconsensual oral sex beyond a reasonable doubt.

In light of our determination, we do not reach the defendant's remaining contentions. Mangano, P. J., Kunzeman, Rubin and Balletta, JJ., concur.