*491 OPINION OF THE COURT
Gerard M. Weisberg, J.
In this claim to recover damages under Court of Claims Act § 8-b for unjust conviction and imprisonment, both parties have moved for summary judgment.
From the papers it appears that on July 8, 1986 a judgment was rendered in Supreme Court, Kings County, convicting claimant, Erwin Pugh,[1] of attempted rape in the first degree, sexual abuse in the first degree, assault in the second degree, and assault in the third degree. (People v Pugh, 150 AD2d 734.) At the criminal trial, claimant testified, essentially, that he first met the complainant on the street. After asking her for directions, they struck up a conversation and she invited him back to her apartment to smoke marihuana. They proceeded to the roof of that building where they started smoking and kissing. When the complainant heard someone entering the building, she turned on the claimant and started screaming and kicking him. The victim’s version was that after she met the claimant on the street, he followed her home, somehow gained entrance into the apartment building, and attacked and attempted to rape her.
The jury rendered a guilty verdict on all counts. Significantly, at the sentencing the Trial Judge stated: " T do, however, share Mr. Pugh’s surprise that he was convicted * * * I do believe that the situation had gotten out of hand rather than * * * as the complaining witness described it.’ ” (Supra, at 735.) Claimant was sentenced to and served approximately three years in prison as a result of the conviction.
On appeal, the Appellate Division, Second Department, reversed. With respect to all of the counts other than the third degree assault, that tribunal held that while the "People may have adduced legally sufficient proof, the verdict of guilt * * * was against the weight of the evidence (see, CPL 470.20 [2]).” (Supra, at 734.)[2] Specifically, the court found the complainant’s testimony inconsistent, declaring it implausible that the claimant could have gained admittance to the apart *492 ment house if the complainant had not let him in. As to the remaining third degree assault charge, although finding that the prosecution had sustained its burden of proof, it again reversed, this time because the jury had been provided with a verdict sheet which contained a statement of the elements of the crime in violation of CPL 310.20 and People v Owens (69 NY2d 585) and its progeny. The Appellate Division noted that ordinarily a new trial would be ordered. However, it dismissed the indictment instead in the interest of justice because the claimant had "already served the full sentence on this conviction.” (People v Pugh, 150 AD2d 734, 735, supra.) This action under Court of Claims Act § 8-b ensued.
Defendant moves for summary judgment dismissing the claim on the grounds, among others, that claimant has failed to satisfy Court of Claims Act § 8-b (3) (b) (ii). We agree.
Case law has divided section 8-b claims into three categories in order to apply this not unambiguous subdivision. (Ferrer v State of New York, 136 Misc 2d 218, 220, affd on opn below 136 AD2d 487.) These are:
A) Where there has been a simultaneous reversal or vacatur of the conviction and dismissal of the underlying accusatory instrument;
B) Where there has been a reversal or vacatur with retrial ordered and then a finding of not guilty after retrial; and
C) Where there has been a reversal or vacatur with retrial ordered, but not had, and then a subsequent dismissal of the accusatory instrument. (Escalera v State of New York, NYLJ, Oct. 17, 1991, at 25, col 2.) With respect to categories A and C (A applying here), the claimant must first establish that the basis for the reversal or vacatur of the conviction was one of the statutes enumerated in section 8-b (3) (b) (ii). (Ferrer v State of New York, 136 Misc 2d 218, affd on opn below 136 AD2d 487, supra.)
Here, three of the four counts were dismissed pursuant to CPL 470.20 (2) (or possibly [5], see, n 2, supra) which are approved grounds. The problem concerns the third degree assault charge which was reversed apparently pursuant to CPL 470.20 (1) based on the trial court’s error.
First, we note that section 8-b is silent with respect to this situation. Specifically, the act lists which subdivisions of CPL 470.20 qualify a claimant for relief and, by implication, those which do not. Subdivisions (2) and (5) fall into the former category, subdivision (1) into the latter unless additionally *493 based on a specified subdivision of CPL 440.10. Section 8-b, however, does not provide the result where a reversal of some counts are pursuant to approved subdivisions, while the reversal of other counts were under a nonapproved one.
In order to answer this riddle, we must, of course, divine the Legislature’s intent. To that end, we think an examination of the interplay between CPL 470.20 (3) and Court of Claims Act § 8-b (3) (b) (ii) is instructive. The former authorizes an intermediate appellate court to reverse in part and affirm in part where some counts of a multicount indictment have been legally proven while others have not. Section 8-b then tells us that in such a case, a claimant would still qualify for relief, if but only if, "the count dismissed was the sole basis for the imprisonment complained of’. (Court of Claims Act § 8-b [3] [b] [ii].) Thus, if the claimant here had been imprisoned only as a result of his conviction on the three more serious charges, he could have brought himself within section 8-b (3) (b) (ii) regardless of the basis for the reversal of the third degree assault.[3] He has failed, however, to offer any documentary proof, or even allege, that that was the case.
Which brings us back to the original question: Since claimant was apparently imprisoned as a result of a conviction on counts which were reversed under CPL 470.20 (2) or (5) (approved grounds) and on a count which was reversed pursuant to CPL 470.20 (1) and CPL 310.20 (nonapproved grounds), does he qualify for relief under section 8-b? We think not.
In the absence of proof that claimant was not imprisoned on the third degree assault charge, he must satisfy the statutory preconditions of section 8-b with respect to every count of his indictment. This flows from what we have said concerning the relationship between CPL 470.20 (3) and section 8-b. In other words, the "window” of eligibility afforded claimants convicted of multicount indictments but not imprisoned on a nonreversed charge suggests, by negative implication, that further exceptions have not been authorized. Moreover, this interpretation would be consistent with the basic structure and requirements of section 8-b which mandate, in order that only the truly innocent recover, claimants to prove that their convictions have been reversed or vacated on specified grounds and to prove that they did not commit any of the acts charged *494 in the accusatory instrument under which they were convicted. (Ferrer v State of New York, 136 Misc 2d 218, affd on opn below 136 AD2d 487, supra; see, Court of Claims Act § 8-b [3] [b] [ii]; [5] [c].) Here, inasmuch as claimant’s third degree assault conviction was reversed based on a violation of CPL 310.20, a nonapproved ground, he has failed to satisfy Court of Claims Act § 8-b (3) (b) (ii).
In addition, an appeal in this matter would be venued in the Second Department. (Court of Claims Act § 24.) Pursuant to Stewart v State of New York (133 AD2d 112, lv denied 72 NY2d 807) and its progeny, the basis for the dismissal must also satisfy section 8-b (3) (b) (ii). (See, Gordon v State of New York, 141 Misc 2d 242.) Here, the dismissal was in the interest of justice predicated on claimant’s already having served the maximum sentence that could have been imposed on him. This fails the Stewart test. Moreover, the result would be the same even if we employed the arguably more lenient rule extant in some other Departments because it does not evidence innocence. (See, Gordon v State of New York, 141 Misc 2d 242, supra; Escalera v State of New York, NYLJ, Oct. 17, 1991, at 25, col 2, supra; Rubio v State of New York, NYLJ, Sept. 10, 1991, at 24, col 2; cf., Coakley v State of New York, 150 Misc 2d 903.)
For the foregoing reasons, we grant defendant’s motion for summary judgment dismissing the claim and deny claimant’s cross motion. Although the parties raised several other issues in their applications, in light of the foregoing analysis, we have not reached them.

. Erwin Pugh and Irving Pough are apparently the same person.

. The court’s citation of CPL 470.20 (2) is quizzical. A review of that subdivision indicates that it authorizes reversals where the evidence was legally insufficient. CPL 470.20 (5) provides for reversal where a verdict was against the weight of the evidence, which was the stated basis here. However, inasmuch as either subdivision supports an action under section 8-b (see, Court of Claims Act § 8-b [3] [b] [ii]), the discrepancy is immaterial.

. He would, however, still have to establish, among other things, that he did not commit any of the acts charged in the accusatory instrument. (Rivers v State of New York, 152 Misc 2d 332 [appeal pending].)