■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERTO SEDA, Appellant. [604 NYS2d 598] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Beldock, J.), rendered May 23, 1991, convicting him of sexual abuse in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law and on the facts, the indictment is dismissed, and the matter is remitted to the Supreme Court, Kings County, for the purpose of entering an order, in its discretion, pursuant to CPL 160.50.

The defendant was convicted of sexual abuse in the first degree based on the allegation that, on the afternoon of July 5, 1989, he had placed his hand on the complainant's breast. The defendant was acquitted of those counts of the indictment which charged him with rape and sexual abuse of the complainant on June 26, 27, and 29, 1989.

At trial, the complainant testified that the defendant had raped her on the nights of June 26, 27, and 29, 1989. She also testified concerning an incident on the night of July 5, 1989, during which the defendant "put his mouth on [her] neck and on [her] mouth and started kissing [her]. And * * * putting his hands all over [her]". Significantly, however, the complainant never testified at trial that the defendant had touched her breast on the afternoon of July 5, 1989, although she did provide such information in her testimony before the Grand Jury with which she was impeached at trial.

On appeal, the defendant contends that the People failed to prove his guilt beyond a reasonable doubt. Viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that the People did not establish that the defendant committed sexual abuse on July 5, 1989.

The complainant testified in detail regarding the rapes which allegedly occurred on June 26, 27, and 29, 1989. Yet, the jury evidently questioned the complainant's credibility, since they acquitted the defendant of all counts of rape and sexual abuse in connection with those incidents. Moreover, there was a lack of specific testimony supporting that count of the indictment which charged that the defendant had touched the complainant's breast on July 5, 1989, by forcible compulsion. A voluntary disclosure form supplied by the People amplified this count of the indictment by claiming that the incident occurred on the afternoon of July 5, 1989. However, at trial, the complainant testified that, on the *night* of July 5, 1989, the defendant had "[put] his hands all over [her]" at the defendant's home in Brooklyn. The defendant denied that any such incident had occurred and testified that he had returned the complainant to her home in Philadelphia on the afternoon of July 5, 1989, arriving there around 4:30 P.M.

In order to find that the jury verdict is supported by legally sufficient evidence, we must conclude that "there is [a] valid line of reasoning and permissible inferences which could lead a rational person to the conclusion[s] reached by the jury on the basis of the evidence at trial" *(People v Bleakley,* 69 NY2d 490, 495). The jury's verdict suggests that it may have improperly considered the complainant's Grand Jury testimony as evidence of the defendant's guilt, even though the trial court specifically charged the jury that such testimony could only be used in evaluating the complainant's credibility and not as affirmative evidence of the defendant's guilt. In view of the conflicting evidence presented to the jury regarding the timing of the July 5th incident, the inconsistencies in the complainant's testimony, and the inferences to be drawn therefrom, we cannot conclude that there was a valid line of reasoning by which the jury reached its determination that the defendant was guilty of sexual abuse on July 5, 1989.

In any event, we also find that the defendant's conviction is against the weight of the evidence. Although we are not unmindful of the principle that the conclusions of the trier of fact are to be viewed with great deference *(see, People v Garafolo,* 44 AD2d 86), in light of the jury's not guilty verdict as to the other counts of the indictment, we find that the defendant's guilt of sexual abuse in the first degree is unsupported by the record. Lawrence, J. P., Eiber, O'Brien and Santucci, JJ., concur.