■ IRVING POUGH, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 81140.) [612 NYS2d 935] —In a claim to recover damages under Court of Claims Act § 8-b for unjust conviction and imprisonment, the claimant Irving Pough appeals from an order of the Court of Claims (Weisberg, J.) entered March 2, 1992, which granted the respondent's motion for summary judgment dismissing the claim and denied the claimant's cross motion for summary judgment.

Ordered that the order is affirmed, with costs.

By judgment of the Supreme Court, Kings County (Feldman, J.), rendered July 8, 1986, the claimant, Irving Pough (also known as Erwin Pough) was convicted of attempted rape in the first degree, sexual abuse in the first degree, assault in the second degree, and assault in the third degree. In May 1989 this Court reversed the judgment of conviction on the law and the facts and dismissed the indictment *(see, People v Pugh,* 150 AD2d 734). With regard to the first three counts of the indictment, our determination to reverse the judgment was based upon our finding that the verdict of guilt was against the weight of the evidence *(see, People v Pugh, supra,* at 734) and that the trial court committed reversible error by submitting to the jury, over the defense counsel's objection, a verdict sheet impermissibly containing, *inter alia,* elements of the counts charged *(see, People v Pugh, supra,* at 735). This Court dismissed the fourth count of the indictment, however, "in the interest of justice" on the ground that "[a]lthough the People sustained their burden of proof as to the misdemeanor count of assault in the third degree * * * and we would ordinarily order a new trial as to this count, a new trial would serve no purpose here, as the defendant has already served the full sentence on this conviction" *(People v Pugh, supra,* at 735). The claimant thereafter brought this claim to recover damages against the State of New York based upon his allegedly unjust conviction and imprisonment.

We find that the Court of Claims properly dismissed the claim. Contrary to the claimant's contentions, the claim does not satisfy the pleading requirements of Court of Claims Act

§ 8-b, as the claimant has not shown that this Court's reversal of the fourth count was based upon any of the grounds specified in Court of Claims Act § 8-b (3) (b) (ii), nor factually demonstrated a likelihood of success in proving his innocence *(see,* Court of Claims Act § 8-b [4]; *Reed v State of New York,* 78 NY2d 1, 9-10; *Nieves v State of New York,* 186 AD2d 240, 241; *McFadden v State of New York,* 151 AD2d 730, 730-731). Sullivan, J. P., Joy, Hart and Krausman, JJ., concur. *[See,* 153 Misc 2d 490.]