■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARC ELLIOTT, Appellant. [619 NYS2d 68] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marrus, J.), rendered September 10, 1990, convicting him of sodomy in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the facts, the indictment is dismissed, and the matter is remitted to the Supreme Court, Kings County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

The defendant allegedly engaged in acts of sodomy with the complainant from the time the boy was 10 years old until he was nearly 13 years of age. At trial, the jury found the defendant not guilty of 95 counts of sodomy, but the defendant was convicted of two other counts of sodomy. The complainant failed to testify with specificity as to times, dates and places, thus straining his credibility. In addition, the complainant's testimony was ladened with inconsistencies which he characterized as "mistakes". With respect to the incident which gave rise to his conviction, the complainant gave conflicting evidence as to where the incident took place in June 1988. It should also be noted that the medical evidence offered by the People was, at best, inconclusive.

"While we are cognizant that the resolution of issues of credibility, as well as the weight to be accorded to the evi-

dence presented, are primarily questions to be determined by the trier of fact * * * whose determination is to be accorded great deference on appeal" *(People v Cheatham,* 153 AD2d 566), under the circumstances of this case we find the verdict of guilt to be against the weight of the evidence *(see, e.g., People v Morales,* 202 AD2d 692; *People v Seda,* 199 AD2d 347; *People v Al-Sullami,* 162 AD2d 691).

In light of our determination, we need not reach the defendant's remaining contentions. Santucci, J. P., Joy, Krausman and Goldstein, JJ., concur.