Jones v State of New York (2023 NY Slip Op 06214)

Jones v State of New York

2023 NY Slip Op 06214

Decided on December 05, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 05, 2023

Before: Kern, J.P., Gesmer, Moulton, Kennedy, Higgitt, JJ. 

Claim No. 133075 Appeal No. 1144 Case No. 2022-04483 

[*1]Damian Jones, Claimant-Appellant,
v
State of New York, Defendant-Respondent.

Holwell Shuster & Goldberg LLP, New York (Prishika Raj of counsel), for appellant.
Letitia James, Attorney General, New York (Andrea W. Trento of counsel), for respondent.

Order, Court of Claims of the State of New York (Jeanette Rodriguez-Morick, J.), entered August 18, 2022, which, to the extent appealed from, denied claimant's motion for partial summary judgment as to liability on his claim pursuant to the Unjust Conviction and Imprisonment Act of 1984 (Court of Claims Act § 8-b), unanimously affirmed, without costs.
The motion court correctly found that issues of fact preclude granting summary judgment in favor of claimant. Court of Claims Act § 8-b provides a claim to "innocent persons who can demonstrate by clear and convincing evidence that they were unjustly convicted and imprisoned" (Court of Claims Act § 8-b[1]). To prevail, a claimant must show that he was convicted of a misdemeanor or felony offense; that the conviction was vacated and the accusatory instrument dismissed; that he "did not commit any of the acts charged in the accusatory instrument," and that he did not by his own conduct cause his conviction (Court of Claims Act § 8-b[5][a]-[d]).
Although the Court of Appeals reversed claimant's conviction for enterprise corruption, finding, among other things, that the People did not establish his knowledge of the existence of the criminal enterprise (People v Jones, 32 NY3d 1146 [2018]), that reversal based on legally insufficient evidence does not alone equate to a finding of innocence as a matter of law (see Reed v State of New York, 78 NY2d 1, 7 [1991]). Testimony at claimant's criminal trial strongly suggested that he stole the motorcycles that were sold to the undercover officer, and claimant's deposition testimony did not establish his innocence beyond dispute. For similar reasons, claimant did not establish that his own conduct did not proximately cause his conviction (see Warney v State of New York, 16 NY3d 428, 436-437 [2011]; Court of Claims Act § 8-b[5][c]-[d]; see also Rivers v State of New York, 152 Misc 2d 332, 336-337 [Ct Cl 1991], affd 202 AD2d 565 [2d Dept 1994], lv denied 84 NY2d 806 [1994]; Mike v State of New York, 11 Misc 3d 384, 392 [Ct Cl 2005]). Accordingly, triable issues of fact exist as to whether claimant committed the enterprise corruption act charged in the accusatory instrument and whether claimant's own conduct was a proximate cause of his conviction (see Court of Claims Act § 8-b[1], [5][c]-[d]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 5, 2023