Hopwah v State of New York (2024 NY Slip Op 50260(U))

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

[*1]

Hopwah v State of New York

2024 NY Slip Op 50260(U)

Decided on February 15, 2024

Court Of Claims

Vargas, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.



Decided on February 15, 2024
Court of Claims

John J. Hopwah,[FN1]
Claimant,

againstThe State of New York, Defendant.
Claim No. 138897 

For Claimant:Novo Law Firm, P.C.By: Ilya Novofastovsky, Esq.For Defendant:Hon. Letitia A. James, Attorney General of the State of New YorkBy: Antonella Papaleo, Esq., Assistant Attorney General
Javier E. Vargas, J.

Papers Considered:
Claim & Exhibit Annexed 1-2Notice of Motion, Affirmation & Exhibits Annexed 3-5Notice of Cross Motion to Amend, Affirmation & Exhibits Annexed 6-16Affirmation in Support of Motion & Opposition to Cross Motion 17Correspondence & Argument received February 1, 2024 18-19
Upon the foregoing papers and for the following reasons, the Motion by Defendant State of New York (hereinafter "State"), seeking the dismissal of the instant Claim, is granted and the cross-motion by Claimant John P. Hopwah (hereinafter "claimant"), for an amendment, is denied as provided hereinbelow.
By Claim filed March 8, 2023, claimant commenced this action against the State seeking damages for unjust conviction and imprisonment, pursuant to Court of Claims Act § 8-b, alleging in a conclusory manner that on or about December 17, 2011, he was arrested, charged with various counts of assault, including Penal Law §§ 120.10(1), 120.05(1) and 120.05(2), and subsequently convicted by a jury trial in Supreme Court, New York County, of felony assault with intent to cause serious injury (see Penal Law § 120.05[2]; Claim at 2, ¶¶ 4, 5). He was acquitted of the other charges based on a finding of justification, and immediately began to serve his sentence (see Claim at 2, ¶ 4). Without detailing the underlying facts of the offenses or his involvement, claimant alleges that he "did not commit the crimes charged in the indictment and consistently maintained his innocence" (Claim at 2, ¶ 6). He alleges that, based on the acquittals and subsequent dismissal, his "status as a convicted assailant was vitiated in the State of New York [and] the New York County District Attorney's Office chose not to prosecute [him] any further" (id. at 2, ¶ 8).
According to the three-page Claim, "[b]y the time of his release, [c]laimant had been subjected to an unjust prosecution and jail time of almost 11 years" (Claim at 2, ¶ 9). Claimant affirms that he did not bring about his own conviction but "was actually targeted by the authorities who engaged in misconduct" (id. at 2, ¶ 10). Per claimant, he brought the "claim within at least one of the covered grounds" under Court of Claims Act § 8-b(3)(b)(ii)(A) and (C) (Claim at 2, ¶ 11). Claimant further alleges that he suffered tremendously and incurred substantial damages for about 11 years for the indignity of prosecution, incarceration and conviction for a crime that he did not commit (see Claim at 3, ¶ 13). As a result, the claimant seeks damages in the amount of $10,000,000, for "personal injuries; physical injuries; emotional distress and depression; loss of income and impairment of future earnings capacity; humiliation, indignity and embarrassment; degradation and damage to reputation; restriction of personal freedom and the indignity and deprivation of liberty" (id. at 3, ¶ 15). In support, claimant only attached the New York County Supreme Criminal Court's Certificate of Disposition dated December 8, 2022, indicating the acquittals and dismissal (see Claim, Exh. A). Claimant asserts that "further evidence and exhibits are available (upon demand) to support all of the necessary elements for the institution and success of this claim" (Claim at 3, ¶ 12).
On April 17, 2023, the State filed a Notice of Motion to dismiss the Claim pursuant to Court of Claims Act § 8-b(3), (4) and CPLR 3211(a)(7), arguing that claimant fails to satisfy the heavy burden of proof and pleading requirements set forth in the Unjust Conviction and Imprisonment Act (Court of Claims Act § 8-b[3]), by the fatal absence of documentary or any other evidence to support certain facts, such as that claimant was convicted, sentenced and served part or the entire term of imprisonment. The State further argues that claimant has not made the proper showing as required by Court of Claims Act § 8-b(3)(b) in that claimant has failed to illustrate that his conviction was vacated on an enumerated ground under that statute. While the Claim alleges in conclusory manner that he brought the Claim under one of the covered grounds, it fails to specify on which ground and under what circumstances the vacatur of conviction occurred. Dismissal is also warranted, according to the State, as claimant has failed to demonstrate the likelihood of success at trial as required by Court of Claims Act § 8-b(4), and prove by clear and convincing evidence that he is innocent and did not cause or bring about his conviction.
By Notice of Cross-Motion and Affirmation in Opposition filed November 1, 2023, the claimant opposes the Motion to dismiss and cross-moves for leave to amend his Claim pursuant to CPLR 3025(b), arguing that he deserves a chance to prove his unjust conviction claim at trial, and his Cross-Motion properly seeks to cure the purported defects with the Claim by setting forth additional or subsequent transactions or occurrences.[FN2]
Per claimant, he has secured additional information and documentation such as the relevant court materials that he did not have when the Claim was filed. Claimant argues that the Claim satisfies at least three of the subsections of Criminal Procedure Law [CPL] § 440.10(1)(c), in that material evidence adduced at trial resulted in a false judgment known by the prosecutor because the jury found that claimant was justified in defending himself against the complaining witness, Mr. Samuel Walker, but that the prosecution and the court directed the jury continue to deliberate on the lesser included charges, such as assault in the second degree, which were precluded by the justification defense. As detailed in the amended claim, claimant alleges that there are numerous false statements and misrepresentations in the course of the underlying prosecution which establish that the Claim also satisfies CPL 440.10(1)(b), in that the judgment was procured by misrepresentation or fraud.[FN3]

Furthermore, the claimant contends that, when viewing the voluminous allegations in the light most favorable and according him the benefit of every possible inference as required under CPLR 3211(a)(7), the Court should find claimant innocent of all charges at issue as the jury found that claimant was justified in his actions defending himself from Mr. Walker. In addition, claimant maintains that the Appellate Division, First Department, applied the justification defense on his successful appeal, forcing the prosecution to completely dismiss the indictment thereafter (see People v Wah, 171 AD3d 574 [1st Dept 2019]).
By Affirmation in Further Support of the Motion filed November 29, 2023, the State argues that the Claim and amended claim still fail to satisfy the requirements of Court of Claims Act § 8-b(3) and should be dismissed in their entirety. Per the State, claimant has failed to satisfy the statute's requirements in establishing that: (a) that he was convicted of a felony or [*2]misdemeanor, sentenced to a term of imprisonment, and has served all or part of the sentence; and (b) that the vacatur of the conviction was either the result of a pardon or based upon one of the grounds set forth in Criminal Procedure Law §§ 440.10(1)(a), (b), (c), (e), or (g). Although claimant attached 12 exhibits that purport to support the sufficiency of the amended claim, the States affirms that the proof continues to be deficient. Specifically, although the transcript of claimant's sentencing on July 17, 2015 could be seen as satisfying two of the three requirements, the amended claim fails to demonstrate that claimant served all or part of the sentence imposed or that the conviction was vacated on one of the specified enumerated grounds of Court of Claims Act § 8-b(3)(b). The State further argues that claimant's failure to identify the basis for the vacatur renders the Claim jurisdictionally defective which cannot be cured by way of amendment. While claimant argues that the material evidence adduced at the criminal trial was false within the meaning of CPL 440.10(1) and that the underlying criminal judgment was procured by misrepresentation or fraud within the meaning of CPL 440.10(1)(b), the State notes that claimant provides no support that the vacatur was premised on those bases. To the contrary, the State affirms that claimant's underling criminal judgment was vacated by the First Department after finding a trial court error on the jury instructions (see People v Wah, 171 AD3d at 575), which is not an enumerated ground under Court of Claims Act § 8-b(3)(b).
In further opposition, the claimant himself [FN4]
mailed an undated letter and "Argument" opposing the State's Motion to dismiss, which was received by the Court after final submission of the Motion on February 1, 2024. Consistent with his counsel, he essentially maintains that his Claim must be heard to expose constitutional violations and prosecutorial misconduct committed during his prosecution because there were factual disputes and perjured testimony as to the extent of Mr. Walker's mouth injuries. As far as can be discerned from his papers, the claimant insists that the State somehow conspired with the New York County District Attorney's Office and Supreme Court Justice Bruce Allen to unlawfully prosecute and find him guilty. However, he merely raises arguments regarding the sufficiency of the testimonial and medical evidence in the [*3]criminal case and never once proclaims his actual innocence of the charges. After considering all the submitted papers, the Court finds that the claimant is incorrect.
The Unjust Conviction and Imprisonment Act "was enacted to provide redress to innocent persons who prove by clear and convincing evidence that they were unjustly convicted and imprisoned . . . to recover damages against the state" (Court of Claims Act § 8-b[1]; see Ivey v State of New York, 80 NY2d 474, 479 [1992]; Isaac v State of New York, 78 Misc 3d 473 [Ct Cl, Vargas, J., Jan. 18, 2023]). To successfully maintain a claim for unjust conviction, the statute requires that claimant set forth two distinct prongs which ultimately must be established by clear and convincing evidence (see David W. v State of New York, 27 AD3d 111, 114-115 [2d Dept 2006]; Spinks v State of New York, UID # 2021-051-012 [Ct Cl, Martin, J., April 22, 2021]). First, claimant must demonstrate by documentary evidence that: (a) he was convicted of a crime, "sentenced to a term of imprisonment, and has served all or any part of that sentence; and (b)(I) he has been pardoned upon the ground of innocence . . .; or his judgment of conviction was reversed or vacated, and the accusatory instrument was dismissed or, if a new trial was ordered, either he was found not guilty at the new trial or he was not retried and the accusatory instrument dismissed; provided that the judgment of conviction was reversed or vacated, and the accusatory instrument was dismissed, on any of limited and specific grounds;[FN5]
and (c) the claim is not time barred (Court of Claims Act § 8-b[3]; see Heiss v State of New York, 143 AD2d 67, 69 [2d Dept 1988]; Isaac v State of New York, 78 Misc 3d at 474). The failure to include such documentary evidence with the claim requires dismissal of the claim (see Vigliotti v State of New York, 24 AD3d 1217, 1218 [4th Dept 2005]; Stewart v State of New York, 133 AD2d 112, 113 [2d Dept 1987], lv denied 72 NY2d 807 [1988]).
In the second prong, which need not be established by documentary evidence, a claimant must state, in the verified claim, "facts in sufficient detail to permit the court to find that claimant is likely to succeed at trial in proving that (a) he did not commit any of the acts charged in the accusatory instrument or his acts or omissions charged in the accusatory instrument did not constitute a felony or misdemeanor against the state, and (b) he did not by his own conduct cause or bring about his conviction" (Court of Claims Act § 8-b[4]; see Reed v State of New York, 78 NY2d 1, 9 [1991]; Nieves v State of New York, 186 AD2d 240, 241 [2d Dept 1992]). "If the court finds after reading the claim that claimant is not likely to succeed at trial, it shall dismiss the claim" (Court of Claims Act § 8-b(4); see David W. v State, 27 AD3d at 116; Stewart v State of New York, 133 AD2d at 114). Only claims satisfying these threshold "strict pleading and [*4]evidentiary burdens" may be heard on the merits (Warney v State of New York, 16 NY3d 428, 434 [2011]; Reed v State of New York, 78 NY2d at 10).
It is well settled that when reviewing a motion to dismiss pursuant to CPLR 3211(a)(7) on the ground that the claim fails to state a cause of action, the pleading is to be afforded a liberal construction (see CPLR 3026; Leon v Martinez, 84 NY2d 83, 87-88 [1994]; Gioeli v Vlachos, 89 AD3d 984 [2d Dept 2011]). However, Court of Claims Act § 8-b "imposes a higher pleading standard than the CPLR. The Court must consider whether the allegations are sufficiently detailed to demonstrate a likelihood of success at trial" (Hernandez v State of New York, 2023 NY Slip Op 23421 [Ct Cl, Marnin, J., 2023], quoting Warney v State of New York, 16 NY3d at 435). That being said, "[t]he requirements of the statute are to be strictly construed" (Groce v State of New York, 272 AD2d 519, 520 [2d Dept 2000]; see Chalmers v State of New York, 246 AD2d 620 [2d Dept 1998]). Bare legal conclusions with no factual specificity do not suffice to withstand a motion to dismiss for failure to state a cause of action (see Matter of Holterbosch, 216 AD3d 783 [2d Dept 2023]; Barnes v Hodge, 118 AD3d 633 [1st Dept 2014]).
Applying these principles to the matter at bar, the State has sufficiently established its entitlement to the Claim's dismissal because claimant has not fulfilled all of the strict statutory requirements of Court of Claims Act § 8-b (see Bumbury v State of New York, UID No. 2006-030-523 [Ct Cl, Scuccimarra, J., March 30, 2006]). With respect to the first prong of Court of Claims Act § 8-b(3), the Claim alleges that he was "subject to an unjust prosecution and jail time of almost 11 years" following a jury trial which convicted him of felony assault with intent to cause serious injury (Claim at 2, ¶ 9). He refers to the subsequent dismissal of his charges without specifying a date of dismissal or how these charges were ultimately dismissed. Though he maintains that he spent "almost 11 years" of imprisonment, claimant makes no factual presentation as to the actual number years he was sentenced or when he was finally released. Absent from the Claim is the Appellate Division decision that reversed his conviction or, any documentation, demonstrating that claimant served all or any part of his sentenced imposed (see Vigliotti, 24 AD3d at 1218). In fact, the claimant later asserted that he served three years of imprisonment (see amended claim at 3, ¶ 8). The only documentary evidence that claimant provided to support his Claim is his Certificate of Disposition from the Supreme Court.
Granted that claimant's criminal matter was vacated and dismissed without a retrial, he has to demonstrate by "documentary evidence" that his case was reversed under one of the covered grounds (Court of Claims Act § 8-b[3][ii]; see Bumbury v State of New York, UID No. 2006-030-523). Without specification or documentation, he vaguely alleges that he brought his Claim pursuant to "at least one of the covered grounds under Court of Claims Act § 8-b(3)(ii)" (Claim at 2-3, ¶ 11). However, the Appellate Division decision clearly reveals that the reversal of claimant's criminal matter was based on an improper jury instruction, which is not one of the covered grounds under the statute (see People v Hop Wah, 171 AD3d at 575). Whenever the judgment of conviction is vacated because of a non-enumerated ground, as here, claimant has failed to state a cause of action within the meaning of Court of Claims Act § 8-b (see Isaac v State of New York, 78 Misc 3d at 480; Bumbury v State, UID No. 2006-030-523). With his scantily drafted three-page Claim, providing very little information, the Court finds that the Claim must be dismissed for failing to annex the supporting documentation and for failing to state a cause of action (id.; see Knight v State of New York, UID No. 2013-038-532 [Ct Cl, [*5]DeBow J., June 3, 2013]).
Even if this Court were to obviate that fatal mistake, other grounds support a dismissal. With respect to the second prong, the record reflects that the Claim was not pled in sufficient detail to permit the Court to find that claimant is likely to succeed at trial (see id.; Savage v State of New York, UID No. 2018-053-525 [Ct Cl, Sampson, J., May 15, 2018]). A review of the Claim reveals that claimant only makes conclusory statements regarding his innocence such as that "he did not commit the crimes charged in the indictment and consistently maintained his innocence;" and that "he did not bring about his own conviction, but rather was actually targeted by the authorities who engaged in misconduct" (Claim at 2, ¶¶ 6, 10). Neither of these statements complies with the factually detailed requirements of Court of Claims Act § 8-b(4). Nor can the claimant seriously proclaim that his own conduct and actions were completely innocent, and did not "cause or bring about the charges," since he acknowledged during trial and in the amended claim that he confronted, argued with and "hit Walker's face, eyes, jaw, and ribs" and "punched [him] five times" in self-defense (People v Wah, 171 AD3d at 577, 579 [Webber, J., dissenting]). The criminal charges against him were, therefore, validly brought by his own conduct and tried by the jury, which then accepted and excused him believing his justification defense (id. at 577-578). Under these circumstances, this Claim must also be dismissed for the lack of claimant's actual innocence, the "linchpin" of the statute (Ivey v State, supra at 479; see David W. v State, 27 AD3d at 115; Fudger v State of New York, 131 AD2d 136 [3d Dept 1987]).
Turning next to claimant's Cross-Motion to amend the Claim, it is well settled that under CPLR 3025(b), "[a] party may amend his or her pleading or supplement it by setting forth additional or subsequent transactions or occurrences, at any time by leave of court or by stipulation of all parties." Applications for leave to amend pleadings should be freely granted, except when the delay in seeking the leave to amend would directly cause undue prejudice or surprise to the opposing party, or when the proposed amendment is palpably insufficient or patently devoid of merit (see Edwards v 1234 Pacific Mgmt., 139 AD3d 658 [2d Dept 2016]; Favia v Harley-Davidson Motor Co., 119 AD3d 836 [2d Dept 2014]; Gomez v State of New York, 106 AD3d 870 [2d Dept 2013]; Hernandez v State of New York, 2023 NY Slip Op 23421).
In considering claimant's Cross-Motion to amend, the question to consider is whether he is seeking to amend a jurisdictional defect for which there is no amendment, or whether he is seeking to cure a pleading deficiency which can be cured by an amendment (see Hogan v State of New York, 59 AD3d 754, 755 [3d Dept 2009]; Nasir v State of New York, 41 AD3d 677 [2d Dept 2007]; Simmons v State of New York, UID No. 2007-013-024 [Ct Cl, Patti J., July 23, 2007]). Where a motion to amend seeks to remedy a pleading deficiency, not one curing a jurisdictional defect relating to the notice of claim requirement of Court of Claims Act §§ 10 & 11, claimant may re-plead his claim so as to comply with the pleading requirements of Court of Claims Act § 8-b[4] (see Acosta v State of New York, 270 AD2d 164 [1st Dept 2000]).
Here, a review of the amended claim reflects that the claimant submitted more detailed information, attaching numerous documents, including, inter alia, the First Department Decision, Certificate of Disposition, sentencing transcript, grand jury indictment, as well as portions of the transcripts of the witnesses who testified in the criminal case. By his motion, it appears that claimant is seeking to cure a pleading deficiency. In attempting to cure the deficiency, however, the claimant again neglected to plead or to provide any documentation that he served all or part [*6]of the sentenced imposed. Without providing a release date, he merely states that on July 17, 2015, he was "sentenced in this case to three years in jail plus three years of post release supervision" and "that he served out his jail sentence" (Amended Claim at 3, ¶¶ 8, 9). Proving that he served part or all of his sentence is the first prong that must be established to maintain a claim for unjust conviction (see Court of Claim Act § 8-b[3]).
Still, even if he satisfied that basic requirement, the amended claim remains deficient because the criminal case was not dismissed upon one of the enumerated grounds set forth in Court of Claims Act § 8-b(3)(b). Although claimant alleges that there were factual misrepresentations, false testimony and inconsistent statements made to medical and law enforcement authorities with respect to the criminal case, "[t]he statute looks solely to the actual basis for the vacatur of the underlying criminal judgment, not to the alternative potential grounds" (Greene v State of New York, 187 AD3d 539, 540 [1st Dept 2020], quoting Jeanty v State of New York, 175 AD3d 1073, 1075 [4th Dept 2019], lv denied 34 NY3d 912 [2020]). It follows here that claimant simply does not qualify for relief under Court of Claims Act § 8-b, as it is clear that his criminal case was reversed because the Court failed to properly instruct the jury (see People v Hop Wah, 171 AD3d at 575). This record supports the State's contention that the Claim, as well as the amended claim do not satisfy the pleading requirements of Court of Claims Act § 8-b, hence, the motion to amend the Claim should be denied and the Claim dismissed for failing to state a cause of action (see Woodley v State of New York, 306 AD2d 524 [2d Dept 2003]; Forest v State of New York, 150 AD2d 214 [1st Dept 1989])
In accordance with the foregoing, the State's Motion to dismiss the Claim (Motion No. M-99331) is granted, claimant's cross-motion to amend (CM-100069) is denied, and Claim No. 138897 is hereby dismissed. The court appearance scheduled for February 27, 2024 is hereby canceled.
New York, New YorkFebruary 15, 2024Hon. JAVIER E. VARGASJudge of the Court of Claims
Footnotes

Footnote 1:Although the Appellate Division refers to the claimant’s last name as "John Hop Wah" (see People v Wah, 171 AD3d 574 [1st Dept 2019]), the Claim and amended claim here name him as "Hopwah."

Footnote 2: Attached to the motion are Exhibits A to M: Exh. A- the Appellate Division, First Department Decision; Exh. B-portions of Mr. Walker's transcript; Exh. C-portions of Dr. Karlis' transcript; Exh. D- portion of court colloquy regarding a missing witness; Exh. E- portions of Adebola, Dr. Karlis' transcript plus photos; Exh. F-portion of summations for the people and defense; Exh G. -portion of Adebola's transcript; Exh. H-portion of Dr. Karlis' transcript; Exh. I- Transcript of May 23, 2022 proceeding-dismissing the criminal case for lack of a speedy trial; Exh. J- Certificate of Disposition dated May 27, 2022; Exh. K- Grand Jury Indictment; Exh L-Sentencing transcript for July 17, 2015; Exh. M-Amended Notice of Claim.

Footnote 3: The alleged misrepresentations include: the alleged use of steel-toed boots by claimant in beating Mr. Walker which is contradicted by eyewitness testimony and initial accounts of claimant using his fists; the alleged "avulsed tooth" - where Mr. Walker had advanced gum disease and was missing multiple teeth independent of the incident at issue; the DVD theft - as claimant always maintained that he was robbed by Mr. Walker, who was found in possession of three stolen DVD players which demonstrates that he was the perpetrator rather than the victim.

Footnote 4: During the pendency of this case, claimant's counsel and the State's Assistant Attorney General became concerned about communications received by Chambers from the claimant himself without counsel, prompting my Principal Law Clerk and Secretary to repeatedly answer his questions via telephone, email and written correspondence stating that he has an attorney and cannot directly communicate to Chambers ex-parte without copying his counsel and the Assistant Attorney General. As a result of that behavior, the Court scheduled a court conference in person to determine the status of the legal representation for December 5, 2023, but only counsel appeared in the courtroom. Reached via telephone as a courtesy, the claimant addressed the Court expressing displeasure with his current counsel and his desire to proceed self-represented. The Undersigned respectfully advised the claimant that legal representation may benefit him given the legal intricacies of a unjust conviction claim, but that if he wanted to be self-represented then he was required to file a Consent to Change Attorney naming himself as counsel (see CPLR 321). Notwithstanding this clear directive, the claimant has engaged in an unrelenting letter writing campaign to Chambers accusing this Court of acting unlawfully and violating his constitutional right to self-representation. Despite affording him over two months, no Consent to Change Attorney has been received or filed with the Court of Claims to date.

Footnote 5: The enumerated grounds under Court of Claims Act § 8-b(3)(b)(ii) are: "(A) CPL § 440.10[1][a] lack of personal and subject matter jurisdiction; CPL § 440.10[b] duress, misrepresentation or fraud; CPL § 440.10[1][c] false evidence; CPL § 440.10[1][e] incapacity of defendant; CPL § 440.10[1][g] newly discovered evidence; (B) CPL § 470.20[1] reversal — if based on one of the grounds in [A]—and a new trial; CPL § 470.20[2] reversal on grounds of legal insufficiency and entire accusatory instrument must be dismissed; CPL § 470.20[3] modification of judgment for legal insufficiency and dismissal of one count, if count dismissed was a sole bases of imprisonment; CPL § 470.20[5] reversal of modification as against the weight of the evidence, accusatory instrument must be dismissed" (Kirk v State of New York, UID No. 2001-013-027 [Ct Cl, Patti, J., Nov. 13, 2001]).